UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHAD CLARK,

      Plaintiff,

vs.

DTE ENERGY COMPANY,

      Defendant.

Case No: 23-cv-12397
Hon.

---

JASON R. MATHERS (P66022)
JEFFREY G. SCHULTZ (P82931)
HARVEY KRUSE, P.C.
Attorneys for Plaintiff
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
 (248) 649-7800
jmathers@harveykruse.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff CHAD CLARK, by and through his attorneys, Harvey Kruse, P.C., and for his Complaint against Defendant, DTE ENERGY COMPANY, states as follows:

## PRELIMINARY STATEMENT

1. This action is brought to recover for damages and injury stemming from violations of the Americans with Disabilities Act of 1990, as amended, 42 USC § 12101, *et seq* (ADA), and related state laws, for unlawful discrimination against Plaintiff based upon his physical disability.

-1-

## JURISDICTION AND VENUE

2. The Eastern District of Michigan Court has federal question jurisdiction pursuant 28 USC §1331 over the claims raised herein arising under the laws of the United States, i.e., the ADA, 42 USC § 12101, *et seq*, and under 28 USC § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce.

3. Plaintiff has exhausted the administrative remedies required under the ADA and on June 27, 2023, he received a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission (the "EEOC"). This lawsuit has been brought within 90 days of Plaintiff's receipt of the Right to Sue letter.

4. Section 12117 of the ADA provides that the remedies available under the Civil Rights Act of 1964 shall be the remedies available under the ADA. 42 USCS § 2000e-5(f)(3) of the Civil Rights Act of 1964 states "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title…"

5. The Court has supplemental jurisdiction over all state law claims raised herein arising out of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) pursuant to 28 USC §1367, because such claims do not raise novel or complex issues of state law, and because these state law claims arise from a common nucleus of operative facts with the federal claims, *i.e.* the claims involve

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

the same parties and arise out of the same unlawful discriminatory practices, and are thus so related to the federal claims so as to form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Eastern District of Michigan under 18 USC § 1965(a) and 28 USC §1391(b) because the discrimination occurred predominantly with relation to Defendant's place of business in East China Township, Michigan.

## PARTIES

7. Plaintiff Chad Clark is a citizen of the United States and is a resident of the State of Michigan.

8. Defendant DTE Energy Company ("Defendant") is a domestic corporation incorporated under the laws of the State of Michigan.

## GENERAL ALLEGATIONS

9. Defendant is a corporation doing business throughout Michigan, including in St. Clair County, Michigan. Defendant is an energy company.

10. Plaintiff has a disability as defined under the ADA. In particular, Plaintiff is partially paralyzed, with no use of his left arm as a result of a motorcycle accident in 2010.

11. On or about September 20, 2017, Plaintiff applied for a position with Defendant as a Reliability Supervisor within Defendant's St. Clair Power Plant.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

12. In his resume, Plaintiff clearly and prominently indicated his disability, listing "**Recovering after a motorcycle accident**" in bold under his work experience and stating that he had to "adapt to [his] life with only the use of [his] right arm."

13. At all relevant times, Defendant was aware of the exact nature of Plaintiff's disability.

14. On or about February 15, 2018, Plaintiff attended a job interview for the position with Defendant. At this interview, Plaintiff further made his disability known to the interviewers.

15. Plaintiff met all the qualifications of the position, and after this interview, Defendant's agents recommended Plaintiff for hire.

16. On June 28, 2018, several months after Plaintiff's interview, Defendant stated that it was "impressed" by Plaintiff's qualifications, and it offered Plaintiff a position as a Reliability Supervisor at the St. Clair Power Plant, starting on August 6, 2018.

17. On July 5, 2018, Plaintiff attended a medical examination as part of the orientation process. At that examination, Plaintiff was **medically recommended for duty**, with his only restriction being that he was advised to not climb ladders or work in unprotected heights.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

18. The Reliability Supervisor position with Defendant is a supervisory position which does not involve any substantial physical work as an essential function of the job.

19. Upon information and belief, there would be multiple Reliability Supervisors on duty at any one time within the St. Clair Power Plant.

20. The job description for the Reliability Supervisor position does not indicate any physical requirements for the job, and it does not indicate or suggest that climbing is a significant part of the work, let alone that it constituted an essential function of the job.

21. Defendant has indicated that *at the very most* (i.e., during power outages) climbing would only be required "up to several times a day", whereby conceding that on most days, it would be required even less than that, if at all.

22. On August 1, 2018, Defendant advised Plaintiff that it was retracting its job offer, **on the sole basis of Plaintiff's disability**.

23. Plaintiff's disability could have been accommodated in the position (examples: with use of lifts, photographs, platforms, or other managers).

24. Defendant made no actual good faith efforts to provide reasonable accommodations for Plaintiff's disability.

25. Plaintiff was discriminated against based upon his disability in violation of state and federal disability laws.

-5-

26. As a direct result of Defendant's discriminatory actions, Plaintiff has sustained economic damages, including lost past and future wages and lost past and future employment benefits. Additionally, Plaintiff has sustained noneconomic damages including emotional distress, mental anguish, shock, humiliation, embarrassment, anxiety, depression, disruptions of lifestyle, and denial of social pleasures.

27. Based upon this discriminatory treatment, Plaintiff filed a Charge of Discrimination with the EEOC in 2018.

28. On June 27, 2023, Plaintiff received a "Right to Sue" letter from the EEOC. (**Exhibit A**).

## COUNT I – ADA VIOLATIONS

29. Plaintiff incorporates by reference all of his allegations in paragraphs 1-28 above as if fully stated herein.

30. Plaintiff is partially paralyzed with no use of his left arm, which constitutes a disability under § 12102 of the ADA.

31. Defendant is an Employer as defined under § 121111(5) of the ADA.

32. Plaintiff was a "Qualified individual" as defined in § 121111(8) of the ADA with regard to the position of Reliability Supervisor with Defendant, as he could "perform the essential functions of the employment position" with or without reasonable accommodations.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

33. Defendant discriminated against Plaintiff on the basis of his disability in violation of § 121112 of the ADA, namely when Defendant retracted Plaintiff's job offer on the basis of only his disability, despite Plaintiff being qualified for the job.

34. Defendant refused to provide reasonable accommodations to accommodate Plaintiff's disability, where such accommodations would not have imposed an undue hardship onto Defendant.

35. As a direct and proximate result of Defendant's ADA discrimination, Plaintiff has sustained injury and damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for the following relief:

    (a)    An award of economic damages, including front pay and back wages and other lost employment benefits;

    (b)    An award of emotional damages;

    (c)    An award of punitive damages;

    (d)    An award of attorneys' fees and the costs incurred in the vindication of Plaintiff's rights in this action;

    (e)    An award of pre and post judgment interest; and

    (f)    An award of such additional relief as this Court deems just and proper.

HARVEY KRUSE
ATTORNEYS & COUNSELORS · A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 · 248-649-7800

## COUNT II – PWDCRA VIOLATIONS

36. Plaintiff incorporates by reference all of his allegations in paragraphs 1-35 above as if fully stated herein.

37. MCL 37.1102(1) of the PWDCRA declares that the opportunity to obtain employment without discrimination because of a disability is a civil right.

38. At all times relevant to this lawsuit, Plaintiff had a disability as defined under MCL 37.1103(d), as Plaintiff was partially paralyzed with no use of his left arm.

39. Defendant is an "Employer" as defined under MCL 37.1201(b).

40. At all times relevant to this lawsuit, Plaintiff's disability did not prevent him from performing the duties of the particular job with Defendant, with or without accommodations.

41. Defendant violated MCL 37.1202 when it retracted its job offer to Plaintiff based only upon his disability which did not prevent him from performing the duties of the particular job of Reliability Supervisor.

42. Defendant failed to accommodate Plaintiff's disability, and such accommodations would not have constituted an undue hardship to Defendant.

43. As a direct and proximate result of Defendant's discrimination under the PWDCRA, Plaintiff has sustained injury and damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for the following relief:

(a) An award of economic damages, including front pay and back wages and other lost employment benefits;

(b) An award of emotional damages and mental anguish;

(c) An award of attorneys' fees and the costs incurred in the vindication of Plaintiff's rights in this action;

(d) An award of pre and post judgment interest; and

(e) An award of such additional relief as this Court deems just and proper.

Respectfully submitted,
HARVEY KRUSE, P.C.

By: */s/Jason R. Mathers*
Jason R. Mathers (P66022)
Jeffrey G. Schultz (P82931)
Attorneys for Plaintiff
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
(248) 649-7800
jmathers@harveykruse.com
jschultz@harveykruse.com

## **TRIAL BY JURY**

NOW COMES Plaintiff and hereby further demands a trial by jury on his claims against Defendant DTE Energy Company.

        Respectfully submitted,
        HARVEY KRUSE, P.C.

        By: */s/Jason R. Mathers*
           Jason R. Mathers (P66022)
           Jeffrey G. Schultz (P82931)
           Attorneys for Plaintiff
           1050 Wilshire Dr., Suite 320
           Troy, Michigan 48084-1526
           (248) 649-7800
           jmathers@harveykruse.com
           jschultz@harveykruse.com

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800